Hay, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
J. E. Hathaway & Company entered into a contract with engineer officers of the United States, acting for and on behalf of the United States, whereby the former undertook to perform certain work within a certain specified time. This contract was dated May 11, 1910, and was approved by the Chief of Engineers on June 9 of that year. On July 2,1910, the contractor began work on the contract.
The contract provided that the work was to be completed on or before December 1, 1910, and that work was to begin within 15 days of the date of the approval of the contract.
The contract further provided that “time shall be considered as an essential feature of this contract; and in case of the failure on the part of the contractor to complete this contract within the time specified and agreed upon the United States will be damaged thereby, and the amount of said damages, exclusive of expenses for inspection and superintendence, including necessary traveling expenses, being difficult if not impossible of definite ascertainment and proof, it is hereby agreed that the amount of such damages shall be estimated, agreed upon, liquidated, and fixed in advance; and they are hereby agreed upon, liquidated, and fixed at the amount of $100 for each and every day the contractor shall delay in the completion of the contract; and the contractor agrees to pay that amount as liquidated damages and not by way of penalty.” It was also agreed that the contractor should pay “ all expenses for inspection and superintendence, including all necessary traveling expenses in connection therewith, during the period of deláy.” The contract further provides that the United States may deduct the above-mentioned sums from any payment due or to become due the contractor.
There is a proviso that “no liquidated damages and no charges for inspection shall be made for such period, after the date of expiration of the contract, as, in the judgment *270 of the contracting officer, approved by the Chief of Engineers, shall equal the time which shall have been lost through any cause for which the United States is responsible, either in the beginning or prosecution of the work, or in the performance of extra work ordered by the contracting officer.” It is also provided that “the findings of the contracting officer, approved by the Chief of Engineers, shall be accepted by the parties thereto as final.”
The contractor began work on his contract on the 2d day of July, 1910, and completed the work on February 7, 1911. His contract required him to complete the work on December 1, 1910. The work was delayed for 68 days. The contractor was given credit for a certain number of days ascertained to have been consumed in certain extra work which was required by the contracting officer, and was only charged with 29 days’ delay, liquidated damages in the sum of $2,900, and inspection and superintendence charges in the sum of $182. The contracting officer recommended that the contractor be not required to pay any of the liquidated damages, but the Chief of Engineers refused to approve that recommendation, and there was deducted from the amount due the contractor the sum of $3,082.
It does not appear that the delay in completing the work can be charged to any cause for which the United States is responsible, and therefore the plaintiff must live up to his contract. “ He must make his contract good unless his performance is rendered impossible by the act of God, the law,, or the other party.” United States v. Gleason, 175 U. S., 588-602. His contract was to complete the work by December 1, 1910, and to pay $100 for each and every day he should delay in the completion of his contract. He did not complete it until February 7, 1911. He was given credit for every day which it was possible to give him under the terms of the contract, and while it may seem hard that he should lose this amount of money, yet there is no legal ground upon which the plaintiff can escape from the terms of the contract to which he has agreed. Maryland Dredging and Contracting Co. v. United States, 241 U. S., 184, 190.
It is ordered by the court that the petition in this cause be and the same is dismissed, and judgment is rendered in favor *271 of the United States against the claimant for the cost of printing the record in this cause in the sum of $154.38, to be collected by the clerk as provided by law.
Downey, Judge, BaRNEy, Judge, Booth, Judge, and Campbell, Chief Justice, concur.